IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>RELIABLE ROADSIDE SERVICES, INC<br><br>Debtor<br>. | Chapter 11<br><br>Case No. 24-15728 |

**DEBTOR'S PLAN REPORT**

The above-captioned debtor and debtor-in-possession (the "Debtor") has elected to file this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1] The Debtor files this report pursuant to § 1188(c) of the Bankruptcy Code and the Initial Scheduling Order entered by this Court:

1. <u>Debtor's Business or Commercial Activities</u>.

Reliable Roadside Inc. provides towing services to private individuals, primarily through its contract with the American Automobile Association

2. <u>Type of Plan of Reorganization</u>.

The Debtor intends to pursue the following type of plan of reorganization in this case:

_____ Consensual    _____ Nonconsensual[2]   __X__ Undetermined

3. <u>Reasons for Type of Plan of Reorganization</u>

The Debtor filed the present Chapter 11 case primarily to address a judgment entered against it by Gurpreet Singh. The judgment creditor is also the Debtor's largest

---

[1] Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.
[2] The term "nonconsensual plan" for purposes of this report means a plan confirmed under § 1191(b) of the Bankruptcy Code.

creditor. The Debtor is indicating that it is "Undetermined" as to the type of Plan it will pursue because it does not know whether it will be able to obtain the consent of its creditors.

4. <u>Communications with Parties in Interest.</u>

The Debtor has had discussions with the following parties in interest concerning the Debtor's plan of reorganization:

\_\_\_\_\_ Secured Creditors

\_\_\_\_\_ Priority Claimants

\_\_\_\_\_ Unsecured Creditors

\_\_\_\_\_ Equity Interest Holders

\_\_X\_\_ Subchapter V Trustee

\_\_\_\_\_ Others;

Describe: _____

5. <u>Nature of Communications with Parties in Interest</u>.

Counsel for the Debtor has had very general discussions with the Subchapter V Trustee regarding the purpose and parameters of the Debtor's potential Plan.

6. <u>Efforts to Formulate Plan of Reorganization</u>.

Counsel's efforts thus far in this case have been focused on obtaining a court order permitting the Debtor to use cash collateral and obtaining the release funds held by Chase and Wells Fargo. Thus, at this time, minimal efforts have been expended to formulate the Debtor's Chapter 11 Plan.

7. <u>Timing for Filing Plan of Reorganization</u>.

Does the Debtor intend to file a plan of reorganization within the 90-day deadline

imposed by § 1189(b) of the Bankruptcy Code?

   __X__  Yes   _____ No

8. <u>Administrative Expenses</u>.

The Debtor anticipates that the estate will incur the following administrative expenses during the pendency of this case and proposes the following monthly escrow payments to fund the payment of allowed administrative expense claims in the case.

| | |
|---|---|
| Total Amount for Debtor's Counsel's Fees and Expenses: | $25,000.00 |
| Total Amount for Subchapter V Trustee's Fees and Expenses: | $6,000.00 |
| Total Amount of Other Administrative Expense Claims: | $0.00 |
| Proposed Monthly Escrow Payment to Attorney: | $2,000.00 |
| Proposed Monthly Escrow Payment to Subchapter V Trustee:[3] | $1000.00 |

9. <u>Additional Information</u>.

There is no additional information the Debtor would like to provide the Court concerning this Chapter 11 case or the plan of reorganization.

Respectfully submitted,

/s/ Michael Coyle, Esq.
Michael Coyle, #16202
The Coyle Law Group LLC
7061 Deepage Drive, Suite 101-B
Columbia, MD 21045
(443) 545-1215

*Counsel for Debtor*

DATED: August 14, 2024

---

[3] The Debtor will make the monthly escrow payments to the Subchapter V Trustee to be held in escrow pending further Order of the Court. The escrowed amounts shall be applied to the payment of allowed administrative expense claims in the case in accordance with the Bankruptcy Code. The Court will consider the monthly escrow payments proposed by the Debtor at the initial status conference under section 1188 of the Code and enter an appropriate Order thereafter.

## **CERTIFICATE OF SERVICE**

I hereby certify that the attached Report was served on this 14th day of August 2023 electronically to those recipients authorized to receive a Notice of Electronic Filing (CM/ECF) by the Court, and/or by first class mail, postage prepaid to:

*Via ECF*:

Hugh Bernstein
Office of the United States Trustee
101 West Lombard Street
Suite 2625
Baltimore, Maryland 21201
[hugh.m.bernstein@usdoj.gov](mailto:hugh.m.bernstein@usdoj.gov)

Lawrence Katz
Subchapter V Trustee
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102-4940
[lkatz@hirschlerlaw.com](mailto:lkatz@hirschlerlaw.com)

*Via Electronic Mail*:

Joseph Ostad
Joseph H. Ostad PA
401 E Pratt St #2233
Baltimore, MD 21202
[Jostad@verizon.net](mailto:Jostad@verizon.net)
[Clerk@ostadlaw.com](mailto:Clerk@ostadlaw.com)
*Attorney for Gurpreet Singh*

*Via First Class Mail*

All parties listed on the creditor matrix

                                                */s/ Michael Coyle, Esq.*
                                                Michael Coyle, #16202

Case 24-15728    Doc 32    Filed 08/14/24    Page 5 of 5