## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 |
| RELIABLE ROADSIDE SERVICES, INC | Case No. 24-15728 |
| Debtor | |

## MOTION TO EXTEND DEADLINE FOR
## FILING CHAPTER 11, SUBCHAPTER V PLAN

By and through undersigned counsel, the Debtor, Reliable Roadside Services, Inc. ("Reliable" or the "Debtor") hereby files the present Motion to Extend the Deadline to file its Chapter 11, Subchapter V, Plan, and in in support thereof, states as follows:

1. On July 9, 2024, the Debtor filed its petition under Chapter 11, Subchapter V, of the Bankruptcy Code.

2. On July 10, 2024, the Court issued the Scheduling Order for the case providing that the deadline for the Debtor to file its Subchapter V Plan by October 7, 2024 (the "Filing Deadline").

3. The Scheduling Order also provided that if the Debtor desired to seek an extension of the Filing Deadline, it must do so by September 7, 2024.[1]

4. The Debtor filed its Subchapter V Plan Report indicating that it intended to file its Subchapter V Plan by the deadline.

5. The Debtor made this representation because undersigned believed that it would be able to resolve the judgment lien held by Gurpreet Singh as an avoidable preference through a consent motion.

---

[1] September 7, 2024 was a Saturday. As such, pursuant to Fed. R. Civ. Pro 6, the deadline for filing the present motion extended to the next business day.

1

6. However, discussions with counsel for Gurpreet Singh have made it clear that this is not the case, and the Debtor has now filed an Adversary Complaint to address the judgment lien. *See* Case No. 24-00236.

7. 11 USC 1189(b) provides that the Court may extend the deadline for filing of the Debtor's Subchapter V Plan "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."

8. As explained above, the need for the extension is not attributable to any issue for which the Debtor should be justly held accountable.

9. Since the Adversary Complaint will not be resolved by the October 7, 2024 Filing Deadline and the treatment of the judgment lien is essential to the Subchapter V Plan in this case, the Debtor is respectfully seeking an extension of the deadline for the filing of the Subchapter V Plan in this case until 45 days after the Adversary Complaint filed against Gurpreet Singh is resolved.

WHEREFORE, the Debtor respectfully requests that the Court extend the deadline by which the Debtor must file its Subchapter V Plan.

Respectfully submitted,

*/s/ Michael P. Coyle, Esquire*
Michael P. Coyle, Bar No. 16202
THE COYLE LAW GROUP
7061 Deepage Drive, Ste 101B
443-545-1215
*Attorney for the Debtor*

DATED:   September 9, 2024

## CERTIFICATE OF MAILING

I hereby certify that on this 9th day of September 2024, copies of the attached Motion was served on all parties listed below by first class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that this Motion/Application was electronically mailed to said party.

*Via First Class Mail*

All parties listed on the creditor matrix

*Via ECF*:

Hugh Bernstein
Office of the United States Trustee
101 West Lombard Street
Suite 2625
Baltimore, Maryland 21201
hugh.m.bernstein@usdoj.gov

Lawrence Katz
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102-4940
*Subchapter V Trustee*
lkatz@hirschlerlaw.com

/s/ Michael Coyle, Esq.
Michael Coyle, #16202