Entered: May 29th, 2025
Signed: May 28th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 |
| RELIABLE ROADSIDE SERVICES INC | Case No. 24-15728 |
| Debtor | |

### ORDER CONFIRMING
### DEBTOR'S THIRD AMENDED CHAPTER 11, SUBCHAPTER V PLAN
### <u>AS A NON-CONSENSUAL PLAN</u>

Reliable Roadside Services, Inc. ("Reliable" or "Reorganized Debtor") having filed its Third Amended Plan of Reorganization (the "Third Amended Plan") on May 18, 2025; and the Court having held a hearing on confirmation of the Third Amended Plan on May 19, 2025 (the "Confirmation Hearing"); and upon the full and complete record of the Confirmation Hearing and all matters and proceedings heretofore part of the record of this Chapter 11 Case; and after due deliberation and sufficient cause appearing therefor, and upon the findings of fact and conclusions of law stated on the record of the Confirmation Hearing.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The findings of this Court set forth on the record of the Confirmation Hearing and the conclusions of law stated on the record of the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.

2. The Third Amended Plan complies with all applicable requirements of Sections 1190 and 1191 of the Bankruptcy Code, and the related applicable provisions of Sections 1129 of the Bankruptcy Code.

3.      The Bankruptcy Court shall, and hereby does, retain such jurisdiction over this  case and matters relating to this case to the extent set forth in Article XVII of the Third Amended Plan.

4.      The Reorganized Debtor is hereby authorized to execute and deliver all documents and to take all actions necessary to consummate the Third Amended Plan, including making all payments required under the Third Amended Plan.  All matters set forth in the Third Amended Plan shall be effective as of the Effective Date, unless otherwise noted in the Third Amended Plan.

5.      All Professional Persons entitled to seek allowance by the Bankruptcy Court of an Allowed Administrative Expense Claim shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date  which is no later than the date that is thirty (30) days after the Effective Date.  Any such claim not filed by that date shall be forever barred and discharged. Objections to any such application shall be filed within twenty (21) days after the filing of the application.  The Notice of Confirmation to be delivered pursuant to Bankruptcy Rules 2002(f) and 3020(c) will set, and constitute notice of, the Administrative Expense Claim Bar Date. As the Subchapter V Trustee (the "Trustee") will continue his role in this non-consensually confirmed plan, the Trustee's requests for compensation are not subject to this paragraph.

6.      During the 5-year term of the Plan, the Reorganized Debtor shall file with the Bankruptcy Court quarterly post-confirmation reports detailing the Reorganized Debtor's income and expenses with attached bank statements ("Post-Confirmation Reports").  The first Post-Confirmation Report shall cover the period from the Effective Date through June 30, 2025.   The Reorganized Debtor will file all Post-Confirmation

Reports within ten (10) business days of the end of the calendar quarter. In addition, upon the written request by the Trustee, the Reorganized Debtor shall provide the Trustee with additional documentation supporting the income and expenses reflected in a Post-Confirmation Report.

7.    The Reorganized Debtor and the Trustee, respectively, shall make distributions in accordance with Third Amended Plan as follows:

a) The Reorganized Debtor shall make the following monthly payments provided under the Plan directly to the following individuals/entities:

    i.    US Small Business Administration with payments to commence as provided under the contract;

    ii.    Toyota Industries Commercial Finance with payments to commence as provided under the contract;

    iii.    The Coyle Law Group for its approved Administrative Expense Claim[1];

    iv.    Lawrence Katz for his approved Administrative Expense Claims.[2]

b) As provided in Article I of the Plan, the actual monthly disposable income of the Reorganized Debtor, after payments to the SBA, Toyota Industries Commercial Finance, The Coyle Law

---

[1] The Coyle Law Group may be filing fee applications throughout the five-year term of the Plan. The Reorganized Debtor may make payments for these approved administrative expense claims directly to The Coyle Law Group.

[2] The Trustee will be filing fee applications throughout the five-year term of the Plan. Should the Trustee and the Reorganized Debtor agree, the Trustee may make payments for his approved administrative expense claims from the quarterly distributions in lieu of having the Reorganized Debtor make direct monthly payments on these claims.

Group, and the Trustee pursuant to subsection (a) hereof ("Disposable Income"), shall be remitted to the Trustee within twenty (20) days of the end of each month.

8.      The Trustee shall distribute *pro rata* to the General Unsecured Creditors in Class 4 all Disposable Income as provided in the Plan on a quarterly basis.  Each such quarterly distribution shall be made within twenty (20) days of receipt by the Trustee of the three monthly payments made by the Reorganized Debtor for the preceding calendar quarter.  For the avoidance of doubt, the Disposable Income to be paid to, and distributed by, the Trustee shall be the actual disposable income of the Reorganized Debtor for the prior  calendar quarter, including all amounts by which such Disposable Income exceeds the disposable income projections reflected for that quarter on the Debtor's Cash Flow Statement included at Appendix G to the Third Amended Plan and attached hereto as Exhibit 1.

9.      Consistent with FRPB 3010, the Trustee will not make any single distribution to any single creditor in an amount less than $15.  Funds not distributed will accumulate and be paid whenever the distribution would aggregate to an amount greater than $15 with any remaining funds paid with the final distribution.

10.     Any executory contracts and unexpired leases of the Debtor are specifically deemed assumed.

11.     If the rejection of any executory contract or unexpired lease gives rise to a Claim by the non-Debtor party or parties to such executory contract or unexpired lease, such Claim shall be forever barred and discharged and shall not be enforceable against the Debtor, the Reorganized Debtor, their respective future successors or their respective properties unless a Proof of Claim is filed and served on the Debtors and their counsel

within thirty (30) days after the entry of a Final Order approving such rejection.

12.    The Third Amended Plan discharge provisions as set forth in Article XIV of the Plan are approved, incorporated herein and so ordered, consistent with Section 1192 of the Bankruptcy Code, and shall be effective on the Effective Date of the Plan without further action by the Bankruptcy Court or any other party.

13.    The Third Amended Plan may be amended, modified, or supplemented by the Reorganized Debtor in the manner provided for by Section 1193 of the Bankruptcy Code or as otherwise permitted by law.

14.    The failure to reference or discuss any particular provision of the Third Amended Plan in this Order shall have no effect on the validity, binding effect of enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Third Amended Plan.

15.    Except as otherwise may be provided in the Third Amended Plan or herein, notice of all subsequent pleadings in this case after the Effective Date shall be limited to the following parties: (a) Reorganized Debtor and its counsel, (b) the United States Trustee, (c) the Trustee; and (d) any party known to be directly affected by the relief sought.

16.    The Third Amended Plan is confirmed pursuant to Section 1191(b) of the Bankruptcy Code.

17.    The Reorganized Debtor shall mail a copy of this Order confirming the Third Amended Plan to all creditors, equity security holders and other parties in interest pursuant to Bankruptcy Rule 2002(f)(7) and file herein a certificate to that effect within ten (10) business days of the date of entry of this Order.

**END OF ORDER**

CC:

Michael P. Coyle, Attorney for Debtor

Hugh Bernstein, Attorney for US Trustee – Baltimore

Lawrence Katz, Subchapter V Trustee

Robert Brandt, Counsel for Gurpreet Singh

All Interested Parties

23379242.2  046569.00036